**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Capitol Records, Inc., et al., | ) | No. CV 06-1124-PHX-JAT |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Debra Weed, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

Pending before the Court is Plaintiffs' Motion to Set Aside Judgment Dismissing Case (Doc. #10). The Court now rules on the motion.

**I.     PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint against Defendant Debra Weed on April 21, 2006. Summons to Ms. Weed was returned executed on May 18, 2006. Plaintiffs took no further action in this case until they filed the pending motion. On September 8, 2006, the Court ordered Plaintiffs to appear on Monday, September 19, 2006 at 11:00 a.m. to show cause as to why the Court should not dismiss the action for failure to prosecute. (Doc. #7). Plaintiffs' counsel failed to appear for that hearing. The Court therefore dismissed the action for failure to prosecute on September 18, 2006. (Doc. #8). Plaintiffs filed their pending Motion to Set Aside Judgment the next day. Defendant has not opposed the motion. Local Rule of Civil Procedure 7.2(i) provides that the Court may deem a failure to respond to a motion as consent to granting the motion.

## II. LEGAL STANDARD AND ANALYSIS

Rule 60(b)(1) allows a court to relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). The Court applies the "good cause" standard that governs vacating an entry of default under Rule 55(c) when ruling on a motion to vacate a default judgment under Rule 60(b). *Id.* at 696. Specifically, the Court examines whether: (1) the defaulting party acted with "excusable neglect";[1] (2) the plaintiff has a meritorious case;[2] and (3) reopening the default judgment would prejudice the non-defaulting party. *See id.*

"Excusable neglect" covers negligence on the part of counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). These factors are not exclusive, but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI*, 244 F.3d at 701. Courts must determine whether setting aside the default judgment would hinder the defendant's ability to pursue his defense. *See id.* Defendant has not argued that granting the motion will prejudice her. The

---

[1] The *TCI* court held, "A showing of lack of culpability sufficient to meet the Rule 55(c) good cause standard is ordinarily sufficient to demonstrate as well the excusable neglect or mistake criteria under Rule 60(b)(1), and there is therefore no reason to require that those 60(b)(1) criteria be established separately." 244 F.3d at 698 (internal quotations omitted).

[2] In *TCI*, the circuit court entered default judgment against the defendant, so the Court examined whether the defendant had a meritorious defense. 244 F.3d at 700-01.

- 2 -

1  prejudice factor therefore weighs in favor of Plaintiffs.  Additionally, Plaintiffs filed their
2  motion the day after the Court dismissed the case.  This slight delay could have no impact
3  on the proceedings.

4      Plaintiffs' counsel believes that a calendaring error on his part or the part of his staff
5  caused him to miss the September 18, 2006 status hearing.[3]  For whatever reason, the hearing
6  was not on his calendar for that day.  The Court does not believe Plaintiffs' counsel acted in
7  bad faith in missing the hearing.  The Court finds, based on an analysis of the four *Pioneer*
8  factors, that Plaintiff acted with excusable neglect.

9      The Court has little basis for determining the second 60(b) factor -whether Plaintiffs
10 have a meritorious case.  Because Defendant has not responded to the motion, the Court will
11 assume this factor weights in favor of Plaintiffs.  As to the third factor, the Court already has
12 held that reinstatement of the case would not cause prejudice to Defendant.  Because the
13 Court has found Plaintiffs acted with excusable neglect and that reinstatement will not
14 prejudice Defendant, the Court will grant Plaintiffs' motion for relief.  But the Court strongly
15 cautions Plaintiffs to comply with all future Court orders and deadlines.
16 ///
17 ///
18 ///
19 ///
20 Accordingly,
21     IT IS ORDERED GRANTING Plaintiffs' Motion to Set Aside Judgment Dismissing
22 Case (Doc. #10).
23     IT IS FURTHER ORDERED that the Clerk of the Court shall vacate the Judgement
24 of Dismissal (Doc. #9) and reinstate the case.

---

[3] Plaintiffs' counsel does not offer any reasons why Plaintiffs took no action for over four months on the case, which prompted the show cause hearing.

- 3 -

1   IT IS FURTHER ORDERED that Plaintiff shall file a status report within thirty days
2 of the date of this Order.
3   DATED this 26th day of June, 2007.

_____
James A. Teilborg
United States District Judge