**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capitol Records, Inc., et al., | No. 2:06-cv-01124-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Deborah Weed, | |
| Defendant. | |

Pending before the Court is Deborah Weed's ("Defendant") Motion for Leave to File Amended Answer and File Counterclaims and to Extend Deadlines (Doc. # 41). Capitol Records Inc., et al. ("Plaintiffs") oppose Defendant's Motion solely on the ground that Defendant's counterclaims would be futile. Because Plaintiffs admittedly do not oppose the Motion on any other grounds, the Court will not consider prejudice, bad faith, and undue delay. The Court now addresses Plaintiffs' opposition to Defendant's Motion.

**I. BACKGROUND**

Plaintiffs filed a Complaint on April 21, 2006, seeking both injunctive and monetary relief for Defendant's alleged copyright violations. (Compl. ¶¶ 1,19.) Defendant, at that time *pro se*, filed an Answer that addressed Plaintiffs' allegations but did not state any counterclaims. (Mot. for Leave to File Am. Answer ¶ 1.) The Court, pursuant to rule 16(b) of the Federal Rules of Civil Procedure, entered a Scheduling Order on September 10, 2007, that required the parties to file all amended pleadings by

December 21, 2007. (Id. ¶ 2.) After this Order, Defendant obtained legal counsel and on December 21, 2007 filed a Motion for Leave to File Amended Answer and File Counterclaims and to Extend Deadlines. Defendant's Motion moves for leave to amend her Answer to include counterclaims not included in Defendant's first filed Answer.

**II. LEGAL STANDARD**

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add claims or parties.

Rule 15(a) provides in pertinent part:

> A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading; or . . . within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' [] Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). "Generally, this determination should be performed with all inferences in favor of granting the motion." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (citing DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "'amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.'" Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (quoting Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th

Cir. 1999)). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. See DCD Programs, 833 F.2d at 186-87.[1]

Specifically regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

In considering whether to dismiss an action for failing to state a claim upon which relief may be granted, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff, and the Court must accept all well-pleaded factual allegations as true. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, a claimant must still meet the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, "[w]hile a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff has an obligation to state the "grounds" of the "'entitle[ment] to relief,'" and those grounds must be more than "labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 1965. Thus, if the counterclaims fail to state a theory under which Defendant may recover, they are futile and the Motion to Amend should be denied.

**III. DISCUSSION**

Defendant proposes nine new counterclaims in her Amended Answer. Plaintiffs oppose all of the new counterclaims in their Response to Defendant's Motion for Leave to

---

[1] As stated earlier, Plaintiffs raised only futility in their opposition to the motion to amend. The Court therefore will address only that factor.

- 3 -

1  File Amended Answer and File Counterclaims and to Extend Deadlines on the grounds
2  that adding the counterclaims is futile.  Defendant now concedes that Counts Four, Five,
3  and Seven are futile.  (Reply to Pls.' Resp. in Opp'n to Def.'s Mot. 1.)  The Court must
4  now determine if Defendants's remaining counterclaims are futile and therefore should not
5  be added.

### A. Counts One and Nine, Declaratory Relief

7      Defendant seeks declaratory relief in Count One and Count Nine of her proposed
8  counterclaims.  Declaratory relief is appropriate when (1) it will serve the purpose of
9  clarifying and settling the legal relations in issue; or (2) it will terminate the proceedings
10 and afford relief from the uncertainty and controversy faced by the parties.  Guerra v.
11 Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).  The purpose of a declaratory judgment is to
12 "'afford a new form of relief where needed and not to furnish a litigant with a second
13 cause of action for the determination of identical issues.'"  In re Methyl Tertiary Butyl
14 Ether Prods Liab. Litig., 457 F. Supp.2d 455, 466 (S.D.N.Y. 2006) (quoting General of
15 Am. Ins. Co. v. Lilly, 65 Cal. Rptr. 750, 754 (Cal. Ct. App. 1968)).  Specifically, some
16 courts have ruled that a declaratory judgment for non-infringement is subject to dismissal
17 when it is redundant of other claims that will already be addressed in the case.  E.g.,
18 Interscope Records v. Duty, No. 05CV3744, 2006 WL 988086, at *12 (D. Ariz. Apr. 14,
19 2006).

20     In Count One, Defendant seeks a declaratory judgment of non-infringement.
21 Plaintiffs argue that Count One of Defendant's counterclaims should be dismissed as
22 redundant and unnecessary.  (Pls.' Resp. in Opp'n to Def.'s Mot. 3-4.)  Defendant argues
23 in response that there are independent bases for jurisdiction for Count One under 28
24 U.S.C. §§ 2201 and 2202.  (Reply to Pls.' Resp. in Opp'n to Def.'s Mot. 2.)  Whether this
25 Court has independent jurisdiction over Defendant's counterclaim, however, is only
26 relevant in determining whether the Court has subject matter jurisdiction if Plaintiffs
27 voluntarily dismiss their claims.  Plaintiffs here have not dismissed their claims, and the
28 Court's subject matter jurisdiction over Defendant's counterclaim is not at issue.  Further,

- 4 -

1 Defendant fails to address Plaintiffs' argument that this declaratory relief is redundant and
2 unnecessary. Defendant does not allege any issues in Count One of her counterclaims that
3 will not already be litigated in Plaintiffs' case in chief and Defendant's own affirmative
4 defenses. Therefore, the Motion to Amend the Answer to File Counterclaims is denied
5 with respect to Count One.

6 In Count Nine, Defendant seeks declaratory relief on seven issues. Plaintiffs argue
7 that the relief Defendant seeks is redundant of Defendant's affirmative defenses and
8 therefore will not clarify the legal relations at issue. (Pls.' Resp. in Opp'n to Def.'s Mot.
9 17.) Plaintiffs also argue that the declaratory relief will not terminate the proceedings and
10 afford relief from uncertainty. (Id.) Defendant responds to Plaintiffs' argument by stating
11 that Plaintiffs at this point have not conceded any of the positions that Defendant alleges in
12 Count Nine, and, therefore, the legal relations between the parties are uncertain and in
13 need of clarification. (Reply to Pls.' Resp. in Opp'n to Def.'s Mot. 11.) Granting the
14 declaratory relief that Defendant seeks, however, will not clarify the relations between the
15 parties Because almost all of the issues on which Defendant seeks a declaratory judgment
16 are stated as affirmative defenses in Defendant's Amended Answer.[2] Similarly, the
17 redundant requests will not terminate the proceedings and afford relief from uncertainty
18 and controversy any more than the issues already stated in Defendant's affirmative
19 defenses. The Court therefore denies leave to amend to add Count Nine.

20 **B. Count Two, Abuse of Process**

21 To state a claim for abuse of process, the Defendant must show "'(1) a willful act in
22 the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of
23 the proceedings.'" Crackel v. Allstate Ins. Co., 92 P.3d 882, 887 (Ariz. Ct. App. 2004)

---

[2]The one issue that is not redundant refers to Defendant's request that the Court declare that neither Plaintiffs nor their attorneys are entitled to "rely on, make demands, or seek discovery based on," the information collected by Plaintiffs' previous investigations of Defendant. (Am. Answer 19.) Defendant is free to make objections during discovery, but the Court will not grant this request as part of Defendant's counterclaims.

- 5 -

1  (quoting Nienstedt v. Wetzel, 651 P.2d 876, 881 (Ariz. Ct. App. 1982)).  The second
2  element can be shown by demonstrating "'that the process has been used primarily to
3  accomplish a purpose for which the process was not designed.'"  Id.  In Arizona, process
4  includes the "'entire range of procedures incident to the litigation process.'"  Id.

5       Here, Defendant alleges in Count Two of her counterclaims that Plaintiffs "brought
6  an action against [Defendant] without any knowledge that [Defendant] participated in any
7  of the alleged improper activities."  (Am. Answer ¶ 39.)   In this conduct, Defendant
8  alleges that Plaintiffs acted "maliciously and oppressively" towards Defendant, causing
9  her damages of legal fees and emotional distress.  (Id. ¶¶ 40-41.)  Further, Defendant
10  argues that she has been threatened and lied to, specifically citing phone calls Plaintiffs'
11  counsel made to Defendant.  (Reply to Pls.' Resp. in Opp'n to Def.'s Mot. 3-4.)
12  Defendant also wishes this Court to look to the facts of other similar cases filed over the
13  last four years as evidence that Plaintiffs are abusing process.  (Id. at 3.)

14       In addition to Defendant's allegations in Count Two, Defendant also makes
15  relevant factual allegations in Count Six.  Specifically, Defendant alleges in Count Six that
16  Plaintiffs filed a list of Defendant's personal and private files with the Court, thereby
17  making them public, for the purpose of shaming Defendant into paying Plaintiffs an
18  unreasonable amount of money.  (Am. Answer ¶¶ 63-64.)

19       Defendant's allegation in Count Two that Plaintiffs were malicious and oppressive
20  while filing this lawsuit, in and of itself, does not adequately plead a claim for abuse of
21  judicial process.  Defendant must allege facts that indicate that the lawsuit was filed for the
22  purpose of harassing Defendant.  In addition, even if the attached phone messages indicate
23  Plaintiffs' counsel was attempting to improperly pressure or threaten Defendant,
24  Defendant fails to include any of the allegations concerning the phone conversations in her
25  counterclaims.  Finally, the fact that Plaintiffs have filed other similar suits within the past
26  four years does not support Defendant's claim of abuse of process in this case.  Therefore,
27  Defendant has failed to adequately plead an abuse of process claim with the allegations
28  stated in Count Two of her counterclaims.

In Count Six, however, Defendant alleges that Plaintiffs filed documents with the Court for the purpose of coercing Defendant into paying unreasonable amounts of money. Those allegations fulfill the two elements required to state a claim for abuse of process. Because the Defendant states in Count Two of her counterclaims that she incorporates all of the allegations in the counterclaims by reference, the Court will consider the allegations in Count Six when determining whether Defendant has adequately pled an abuse of process claim. Therefore, taking Defendant's allegations in Count Six as true, Defendant has adequately pled the two elements of an abuse of process claim and the Court will grant the Motion to Amend to add Count Two.

### C. Count Three, Civil Conspiracy

In Arizona, in order to adequately plead a civil conspiracy, the claimant must allege that "'two or more people [agreed] to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means.'" Wells Fargo Bank v. Ariz. Laborers, 38 P.3d 12, 36-37 (Ariz. 2002) (quoting Baker v. Stewart Title & Trust of Phoenix Inc., 5 P.3d 249, 256 (Ariz. Ct. App. 2000)). In addition, "a mere agreement to do wrong imposes no liability; an agreement plus a wrongful act may result in liability." Id. Further, civil conspiracy requires that two or more individuals agree and thereupon accomplish "an underlying tort." Id.

Here, Defendant alleges in Count Three of her counterclaims that Plaintiffs and MediaSentry, Inc. ("MediaSentry") agreed to commit (1) "unlicensed and unlawful acts of private investigation in the State of Arizona [under A.R.S. § 32-2401 et seq.], and other states, in order to provide evidence for this lawsuit;" (2) "unauthorized access to a protected computer system . . . for the purpose of obtaining information in violation of 18 U.S.C. § 1030 . . . and 2701;" and (3) "extortion and attempted extortion in violation of the Hobbes Act, 18 U.S.C. § 1951." (Am. Answer ¶ 44.) In response, Plaintiffs argue that Defendant has failed to adequately plead the underlying tort to a civil conspiracy claim and therefore Count Three is futile. (Pls.' Resp. in Opp'n to Def.'s Mot. 7.)

### 1. Civil Conspiracy Under A.R.S. § 32-2411

First, Defendant argues that Plaintiffs and MediaSentry agreed to violate Arizona private investigator licensing requirements. (Am. Answer ¶¶ 44, 66.) Under § 32-2411, an individual or agency is required to be licensed before acting as a private investigator in the state of Arizona. Defendant argues that since MediaSentry is not licensed in the state of Arizona, Plaintiffs and MediaSentry's agreement to undergo an investigation of Defendant's files is unlawful conduct. (Am. Answer ¶ 44.) A.R.S. § 32-2411, however, is a criminal statute that does not, by itself, give rise to a civil cause of action. Therefore, under this theory, Defendant has not adequately pled the underlying tort required to state a claim for civil conspiracy.

### 2. Civil Conspiracy Under 18 U.S.C. §§ 1030 and 2701

Second, Defendant alleges that Plaintiffs and MediaSentry committed civil conspiracy by agreeing to violate 18 U.S.C. §§ 1030 and 2701. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, makes "knowingly and with intent to defraud, access[ing] a protected computer without authorization or exceed[ing] authorized access and [accessing] by means of such conduct [that] furthers the intended fraud," a criminal act. Similarly, § 2701 is a criminal statute that punishes "whoever intentionally accesses without authorization a facility through which an electronic communication is provided." A violation of these statutes can itself give rise to a civil cause of action for damages, and Defendant therefore need not plead an additional underlying tort under this theory of relief. See 18 U.S.C. §§ 1030(g), 2707(a).

In response, Plaintiffs argue that Defendant has not adequately pled a violation of §§ 1030 and 2701 because those statutes require the access of another's computer "without authorization." Plaintiffs argue that authorization in this case has been granted because Defendant participated in peer-to-peer file sharing, allowing any KaZaa user to access Defendant's files. Defendant does, however, allege in her statement of facts that she did not participate in peer-to-peer file sharing. (Am. Answer ¶ 16.) She further alleges that

- 8 -

1  Plaintiffs accessed her hard drive, without her authorization, to record files from her
2  computer.  (Id. ¶ 66.)  The Court must take all Defendant's allegations in her
3  counterclaims as true.  Therefore, Defendant has adequately pled that Plaintiffs and
4  MediaSentry agreed to violate 18 U.S.C. §§ 1030 and 2701 by gaining access to
5  Defendant's computer and her personal files without her authorization. The Court will
6  grant the Motion to Amend to add Count Three with respect to Defendant's civil
7  conspiracy claim under 18 U.S.C. §§ 1030 and 2701.

### 3. Civil Conspiracy Under the Hobbs Act, 18 U.S.C. §1951

Although the Court has found that Defendant adequately pled a civil conspiracy claim under 18 U.S.C. §§ 1030 and 2701, the Court will address Defendant's civil conspiracy claim under the Hobbs Act to prevent Defendant from re-alleging a futile legal theory in Count Three.  Defendant alleges that Plaintiffs committed a civil conspiracy by violating the Hobbs Act, 18 U.S.C. § 1951, through extorting and attempting to extort Defendant.  The Hobbs Act, however, is a criminal statute that several courts have found does not, by itself, give rise to a civil cause of action. See Wisdom v. First Midwest Bank, of Popular Bluff, 167 F.3d 402, 408-09 (8th Cir. 1999).  Therefore, even assuming Plaintiffs did extort or attempt to extort Defendant, the statute alone does not give rise to the required underlying tort.  Defendant has failed to adequately plead a civil conspiracy claim under A.R.S § 32-2401 and 18 U.S.C. § 1951.  Defendant has, however, properly alleged a claim of civil conspiracy under 18 U.S.C. §§ 1030 and 2701.  Therefore, Defendant's civil conspiracy counterclaim, with regard to §§ 1030 and 2701, is not futile and may be added.

### D. Count Six, Invasion of Privacy

Defendant next alleges in Count Six of her counterclaims that Plaintiffs invaded her privacy.  Arizona recognizes several different types of invasion of privacy claims including (1) intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) false light; and (4) publication of private facts. See Godbehere v. Phoenix Newspapers,

- 9 -

1  Inc., 783 P.2d 781, 784 (Ariz. 1989).

To state a claim for intrusion upon seclusion, Defendant must allege an intentional intrusion, physical or otherwise, upon the claimant's solitude, seclusion, private affairs or concerns, which would be highly offensive to a reasonable person. Hart v. Seven Resorts, Inc., 947 P.2d 846, 853 (Ariz. Ct. App. 1997). Here, Plaintiffs argue that since Defendant was engaged in file sharing, Defendant could not have had a reasonable expectation that her computer files would be kept private. (Pls.' Resp. in Opp'n to Def.'s Mot. 12-13.) Defendant, however, alleges in the facts of her counterclaims that she did not participate in peer-to-peer file sharing. (Am. Answer ¶ 16.) Defendant has further alleged that Plaintiffs employed their agents to intentionally intrude onto her private computer and obtain her private files. (Id. ¶ 66.) Taking the allegations as true, Plaintiffs' actions could be highly offensive to a reasonable person. Therefore, Defendant has adequately alleged that Plaintiffs invaded her privacy and the Motion to Amend is granted with respect to Count Six.[3]

### E. Count Eight, Deceptive Trade and Debt Collection Practices

Defendant next alleges that Plaintiffs violated 15 U.S.C. § 1692 and state law fair trade and debt collection practices. (Am. Answer ¶ 74.) Section 1692k makes debt collectors liable for violating any provision within the statute. A debt collector is defined in § 1692a as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Further, a debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. §

---

[3] Defendant does not allege an invasion of privacy claim under a specific classification. Because the Court finds that Defendant satisfies at least one classification of the invasion of privacy, the Court need not discuss the other classifications recognized in Arizona.

1692a.

Here, Plaintiffs argue that Defendant has failed to state a claim because Plaintiffs are not debt collectors as defined by § 1692a.  Defendant responds by characterizing Plaintiffs' lawsuit and the alleged demand letters sent to Defendant as collection activities. (Reply to Pls.' Resp. in Opp'n to Def.'s Mot. 8-9.)  Plaintiffs' principal business, however, is not the collection of debts and Plaintiffs do not regularly collect or attempt to collect debts.  Further, Plaintiffs' copyright infringement action against Defendant is a lawsuit for damages related to the downloading of copyrighted music, not the collection of a debt owed.  The demand letters that Defendant alleges contain false information seek to reach a settlement between the two parties, not to a collect an obligation Defendant owes Plaintiffs arising out of a transaction.  (Am. Answer ¶ 73.)  Therefore, 15 U.S.C. § 1692 does not apply to Plaintiffs in this lawsuit and the Court will deny Defendant's Motion to Amend with respect to Count Eight.

### F. All Counts Under the Noerr-Pennington Doctrine

Finally, Plaintiffs argue that all of Defendant's counterclaims should be dismissed under the Noerr-Pennington Doctrine.  This doctrine protects a plaintiff's ability to petition the courts for relief by filing a lawsuit.  See Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir. 1991).  Although protecting the First Amendment right to file litigation, the Noerr-Pennington Doctrine does not protect parties who bring "sham litigation."  Id.  The Supreme Court has ruled that making misrepresentations or pursuing baseless claims renders an action sham litigation. Columbia Pictures, 994 F.2d at 1529-30 (quoting Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 512 (1972)).

Here, Defendant alleges in her statement of facts and counterclaims that Plaintiffs brought this litigation without any knowledge that Defendant engaged in copyright infringement.  (Am. Answer ¶ 39.)  Defendant further alleges that Plaintiffs filed documents with the Court for the purpose of shaming and improperly pressuring

- 11 -

Defendant into paying Plaintiffs an unreasonable amount of money.  (Id. ¶¶ 63-64.)  The Court must take Defendant's allegations in her counterclaims as true, and Defendant's allegation that Plaintiffs brought baseless litigation is enough to fall outside the protections of the Noerr-Pennington Doctrine.  Therefore, all counts of Defendant's counterclaims are not futile under the Noerr-Pennington Doctrine.

## IV. CONCLUSION

Based on the Foregoing,

**IT IS ORDERED** that Defendant's Motion for Leave to File Amended Answer and File Counterclaims (Doc. # 41) is **GRANTED IN PART AND DENIED IN PART**.  Defendant's Motion is **GRANTED** with regard to Defendant's Abuse of Process, Civil Conspiracy (to the extent allowed by this Order), and Invasion of Privacy counterclaims.

**IT IS FURTHER ORDERED** that Defendant's First Amended Answer (Doc. # 42) be stricken.  Defendant shall file an Amended Answer in accordance with this Order within 10 days.  Plaintiffs shall then have 15 days to answer Defendant's counterclaims.

**IT IS FURTHER ORDERED** that the Court will rule on Defendant's request to extend deadlines in a separate order.

DATED this 21st day of April, 2008.

James A. Teilborg
United States District Judge